

August 29, 2025

The Honorable Josh Tetens
McLennan County District Attorney
219 North 6th Street, Suite 200
Waco, Texas 76701

      **Opinion No. KP-0496**

      Re: Use of funds collected under Local Government Code section 118.0216
      (RQ-0549-KP)

Dear Mr. Tetens:

You ask whether section 118.0216 of the Local Government Code permits a fee collected by the county clerk for records management and preservation services to be used for a "management and preservation project that includes records of the McLennan County District Clerk."[1] But you highlight "disagreement between county officials" as to whether the Local Government Code requires that these fees "only be used [for] records within the County Clerk's Office." Request Letter at 2. We understand that this disagreement results from statutory language governing a separate fee for the county clerk's archive, which "may be expended only for the preservation and restoration of the county clerk's records." *Id.* (quoting TEX. LOC. GOV'T CODE § 118.025(e)). Ultimately, you seek clarification on "the proper use of the fees collected" under section 118.0216. *Id.* at 3.

      **Records management and preservation fees can only be used for specified services related to the underlying filings.**

The principal aim of statutory interpretation is to "ascertain and give effect to the Legislature's intent." *Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 847 (Tex. 2024) (quoting *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021)). Of course, that "intent is best revealed in legislative language." *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013). This requires that we "give meaning to every word in a statute, harmonizing each provision, while consider[ing] the context and framework of the entire statute." *Pub. Util. Comm'n of Tex. v. Luminant Energy Co.*, 691 S.W.3d 448, 460 (Tex. 2024) (alteration in original) (footnote and citations omitted); *accord* TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall

---

[1] Letter from Hon. Josh Tetens, McLennan Cnty. Dist. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (July 11, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0549KP.pdf ("Request Letter").

be read in context and construed according to the rules of grammar and common usage."); *see also, e.g.*, *Brown v. City of Houston*, 660 S.W.3d 749, 755 (Tex. 2023) (explaining statutory history is a "part of the context" (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 246 (2012))).

We thus begin with the statutory text. Chapter 118 of the Local Government Code generally governs fees charged by county officers. TEX. LOC. GOV'T CODE §§ 118.001–.801. Among those fees is the "Records Management and Preservation Fee," which may be "set and collect[ed] . . . from any person" by the county clerk in an amount of "not more than $10." *Id.* § 118.011(b)(2) (cross referencing section 118.0216). The chapter goes on to explain that this fee is "*for* the records management and preservation services performed by the county clerk *after* the filing and recording of a document in the records of the office of the clerk." *Id.* § 118.0216(a) (emphases added). The term "for" is a function word used to indicate purpose. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 454 (10th ed. 1993). The term "after," on the other hand, is used as a conjunction that joins two phrases and means "subsequent to the time when." *Id.* at 21. Taken together, the statute plainly indicates that the records management and preservation fee speaks to the associated services that follow the filing and recording of records with a county clerk's office. *See* TEX. LOC. GOV'T CODE § 118.0216(a). Subsection 118.0216(a) therefore imposes a chronological constraint on services that can underlie the fee, which necessarily excludes the administrative processes related to filings with a district court clerk. Put simply, subsection 118.0216(a) limits the fee to services performed by the county clerk.

Subsection 118.0216(d) further articulates the scope of records management and preservation services the county clerk may perform with the fees collected—that is, "only . . . specific records management and preservation." *Id.* § 118.0216(d). Though you emphasize that the text of subsection 118.0216(d) does not expressly limit the fee to documents filed and recorded with the county clerk, Request Letter at 2–3, this follows from the fact that subsection 118.0216(a) already provides this limitation. The two provisions work together in harmony as written: Whereas the former identifies the services that can validly underlie the fee—again, "records management and preservation services performed by the county clerk *after* the filing and recording of a document in . . . the office of the clerk," TEX. LOC. GOV'T CODE § 118.0216(a) (emphasis added)—the latter expressly restricts the use of that funding to "only . . . specific records management and preservation," *id.* § 118.0216(d). The plain text of section 118.0216 therefore indicates the records management and preservation fee is limited to documents filed and recorded in the office of the county clerk.

Statutory history confirms the same. Section 118.0216 was originally enacted as a single paragraph, which contained the provisions now included in separate subsections:

> The fee for "Records Management and Preservation" under Section 118.011 is for the records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk. The fee must be paid at the time of the filing of the document. The fee may be used only to provide funds for specific records preservation and automation projects.

Act of May 26, 1991, 72d Leg., R.S., ch. 587, § 2, 1991 Tex. Gen. Laws 2104, 2105 (current version at TEX. LOC. GOV'T CODE § 118.0216). Later amendments separated these provisions into subparts and implemented minor changes to the language in subsection (d). *See generally* Act of May 21, 2011, 82d Leg., R.S., ch. 330, § 1, 2011 Tex. Gen. Laws 948, 948; Act of May 26, 2009, 81st Leg., R.S., ch. 540, § 1, 2009 Tex. Gen. Laws 1243, 1243–44; Act of May 22, 2001, 77th Leg., R.S., ch. 794, § 3, 2001 Tex. Gen. Laws 1542, 1542–43. This serves only to highlight the fact that, from inception to present, the records-management and preservation fee has derived from and related to county-clerk filings alone.

Statutory context counsels no differently. The Local Government Records Act ("LGRA") is a comprehensive consolidation and reorganization of local records laws "establish[ing] . . . uniform standards and procedures for the maintenance, preservation, microfilming, or other disposition of local government records." TEX. LOC. GOV'T CODE § 201.002(4). Not only does the LGRA direct the commissioners court to isolate accounts and funding related to the section 118.0216 fee, *id.* §§ 118.0216(c) (discussing account), 203.003(5) (discussing fund), it makes clear that "[e]ach elected county officer is the records management officer for the records *of the officer's* office,"[2] *id.* § 203.001 (emphasis added); *see also* TEX. CONST. art. V, § 20 (providing "[t]here shall be elected for each county[] . . . a County Clerk").[3] The LGRA additionally provides that "each elected county officer shall adopt a written plan establishing an active and continuing program for the efficient and economical management *of the records of the elective office* of which the elected officer is custodian." TEX. LOC. GOV'T CODE § 203.005(a) (emphasis added). Courts have acknowledged that the LGRA, among other provisions, shows the Legislature's "clear" intent to vest the county clerk with authority to determine "what constitutes record keeping, preservation, and automation *in the county clerk's office.*" *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (emphasis added) (construing predecessor statute). We must presume the Legislature acted "with complete knowledge of . . . and with reference to" existing law, *Taylor v. Tolbert*, 644 S.W.3d 637, 650 (Tex. 2022)—especially when section 118.0216 was enacted merely two years later, Act of May 29, 1989, 71st Leg., R.S., ch. 1248, § 1, 1989 Tex. Gen. Laws 4996, 4997–5013 (codified at TEX. LOC. GOV'T CODE §§ 201.001–205.010).

On this backdrop, it is of no moment that the Local Government Code uses different language to constrain the use of "records archive" fees. You correctly highlight that this fee "may be expended only for the preservation and restoration of the county clerk's records archive." Request Letter at 2–3 (quoting TEX. LOC. GOV'T CODE § 118.025(e)). Likewise, we acknowledge that the statute governing records management and preservation does not use identical language. *Id.* (quoting TEX. LOC. GOV'T CODE § 118.0216). But this follows from the fact that this constraint is already resident in the plain text, statutory history, and context of section 118.0216 itself. The

---

[2] Elected county officers may instead participate in a county records program as established by Chapter 203, subchapter B, and authorize the records management officer of that program "to act as the records management officer for the records of the elective office." TEX. LOC. GOV'T CODE § 203.005(g); *see also id.* §§ 203.021–.026. You do not indicate that any such delegation has occurred so we do not consider what impact, if any, this would have on the question posed.

[3] We note that some counties with a population of less than 8,000 elect a single clerk to perform the duties of the district and county clerk. TEX. CONST. art. V, § 20; TEX. GOV'T CODE § 51.501(a). You do not suggest this is the case for McLennan County, and we do not address that topic further.

Legislature is presumed to use language effectively, TEX. GOV'T CODE § 311.021(2); *see also, e.g.*, READING LAW, *supra*, at 174 (discussing the surplusage canon), and there is no need to constrain what has been so limited. The language of section 118.0216 therefore controls.

**The county clerk's office can use section 118.0216 fees for a joint project with the district clerk's office so long as the county clerk's fee-based contribution reflects its pro rata share of management and preservation.**

We note that your request does not clearly indicate whether the records management and preservation project involves certain documents that are filed and recorded in *both* the county and district clerks' offices or, alternatively, a collective group that includes documents separately filed and recorded in *either* office. Request Letter at 1–3. But a project involving dual filings—meaning the same document is filed and recorded with both offices—would not change that one copy is "fil[ed] and record[ed] . . . in the records of the office of the [county] clerk." TEX. LOC. GOV'T CODE § 118.0216(a). As such, the section 118.0216 fee may be used "for specific records management and preservation" with respect to the document. *Id.* § 118.0216(d). That an identical copy is also filed elsewhere does not render it any less subject to "records management and preservation" under section 118.0216.

As for a project involving separate documents filed and recorded with each office, on the other hand, we reiterate that the section 118.0216 fee is triggered "after the filing and recording of a document in the records of the office of the [county] clerk" and thus pertains only to those documents. *Id.* § 118.0216(a). Suffice it to say these fees may not be used "for specific records management and preservation" of documents that are *not* filed and recorded with the county clerk. *Id.* § 118.0216(d). Importantly, however, this would not prevent the county clerk from using such fees for a joint management and preservation project where the county clerk's contribution is limited to its pro rata share of those records. *See id.* § 118.0216.

**S U M M A R Y**

The records management and preservation fee collected by a county clerk pursuant to Local Government Code subsection 118.011(b)(2) may be used only for documents filed and recorded with the county clerk, in accordance with subsection 118.0216(a). This would not, however, prevent the county clerk's office from contributing a pro rata share of those fees to a joint records management and preservation project with the district clerk's office.

Very truly yours,

K E N   P A X T O N
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee